United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30941
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

KOMA DAVIS,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:04-CR-32-ALL-F
--------------------

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Koma Davis pleaded guilty to possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 924(a) and 922(g)(1).  The district court sentenced him to 46 months in prison and to three years of supervised release.

    Davis argues that the district court erred by assigning him a base offense level of 20 under U.S.S.G. § 2K2.1(b)(4)(A), based on his having a prior conviction of a "controlled substance offense."  He maintains that his 2000 Louisiana conviction of

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

distribution of a substance falsely represented to be crack cocaine does not qualify as such a conviction because it involved an "imitation" substance rather than a "counterfeit substance." Offenses involving "counterfeit substances" qualify as "controlled substance offenses" pursuant to the applicable definition in U.S.S.G. § 4B1.2(b), but "counterfeit" is not defined by the Sentencing Guidelines. Davis concedes that his contention is foreclosed by United States v. Crittenden, 372 F.3d 706, 708, 709 (5th Cir. 2004), in which we adopted a broad dictionary definition of "counterfeit" in determining the plain meaning of that term. He raises the argument to preserve it for possible further review.

AFFIRMED.